# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TROY MILLER, an Individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-951-M |
| ) | |
| DEPARTMENT OF REHABILITATION ) | |
| SERVICES, STATE OF OKLAHOMA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Summarily Dismiss Complaint and Brief in Support [docket no. 13], filed November 5, 2010. On November 8, *pro se* plaintiff filed his "Answer to Defendant's Motion to Dismiss". Based upon the parties' submissions, the Court makes its determination.

Plaintiff commenced this action alleging that he applied for positions with the Oklahoma Department of Rehabilitation Services on numerous occasions, but due to defendant's unlawful and discriminatory employment practices, he has not been offered a job. Plaintiff asserts he is not receiving consideration for positions because he is an Hispanic male and a victim of racial and gender discrimination. On September 2, 2010, plaintiff filed his Complaint alleging the following: (1) violation of Title VII of the Civil Rights Act for discriminatory conduct towards him by defendant on the basis of race and national origin; (2) discriminatory conduct towards him by defendant because of his gender; (3) violation of Oklahoma law and public policy against discrimination based on race, national origin and gender; (4) a state common law tort claim for intentional infliction of emotional distress and outrageous conduct; (5) a state common law tort claim for negligent infliction of emotional distress; and (6) a state common law tort claim for

negligence and negligent supervision.

The Tenth Circuit has consistently held that "exhaustion" of administrative remedies is a jurisdictional prerequisite to suit. *See Sivoza v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002). "The first step to exhaustion is the filing of a charge of discrimination with the EEOC." *Jones v. U.P.S.*, 502 F.3d 1176, 1183 (10th Cir. 2007). "The twofold purpose of the exhaustion requirement is to give notice of an alleged violation to the charged party and to give the administrative agency an opportunity to conciliate the claim in furtherance of Title VII's goal of securing voluntary compliance." *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997).

Here, it is undisputed that plaintiff did not raise his Title VII claims before the administrative agency. Because plaintiff has failed to file an EEOC charge prior to starting this litigation, the Court lacks subject matter jurisdiction over his Title VII claims.

Plaintiff also raises claims governed under Oklahoma's Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 152, *et seq*. The GTCA makes the "state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions" immune from tort liability, and waives immunity "only to the extent and in the manner provided in this act". Okla. Stat. tit. 51, § 152.1. Liability under the GTCA is "exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise." Okla. Stat. tit. 51, § 153. "A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part." Okla. Stat. tit. 51, § 157.

In this case, plaintiff alleges various torts claims arising from the same conduct which gives rise to the discrimination claims. However, defendant asserts, and plaintiff does not dispute, that

plaintiff did not file a governmental tort claim with the Oklahoma State Office of Risk Management as required by the GTCA. Having reviewed the parties' submissions, the Court finds that plaintiff's failure to pursue and to exhaust administrative remedies before filing suit is fatal to his tort claims. Furthermore, plaintiff fails to allege compliance with GTCA's requirements regarding timely, written notice to a governmental entity of a tort claim, which is a jurisdictional prerequisite to suit under the GTCA.

Accordingly, the Court GRANTS defendant's motion to summarily dismiss plaintiff's complaint and hereby DISMISSES plaintiff's complaint.

**IT IS SO ORDERED this 7th day of December, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE